UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WILLIAM E. DAY, II, and § | |
| REBECCA G. DAY, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. G-07-CV-353 |
| § | |
| STATE FARM LLOYDS, and § | |
| CHAD SCHOMBURG, § | |
| § | |
| Defendants. § | |

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

This case involves an insurance dispute between Plaintiffs William E. Day, II, and Rebecca G. Day (APlaintiffs@) and Defendant State Farm Lloyds (AState Farm@). Plaintiff originally filed this action in the 56th Judicial District Court in Galveston County, Texas. State Farm removed the case to this Court claiming diversity jurisdiction under 28 U.S.C. ' 1332. Plaintiffs contest that diversity exists and thus filed a Motion to Remand. State Farm filed a Response in a timely manner. For the reasons discussed below, Plaintiffs= Motion to Remand is **GRANTED** and this case is **REMANDED** to the 56th Judicial District Court in Galveston County, Texas.[1]

**I. Background**

Plaintiff purchased or renewed a State Farm homeowners' insurance policy from an agent in Sugar Land, Texas. Defendant Chad Schomburg ("Schomburg") is a State Farm claims adjuster who works in the Sugar Land office, though it is unclear from Plaintiffs' Original

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Petition whether he was the agent from whom Plaintiffs purchased their policy. On or about March 16, 2004, Plaintiffs filed a claim with State Farm for foundation damage that their investigator claims was the result of sewage leaks. According to Plaintiffs, State Farm's investigator disagreed with Plaintiffs' investigator's conclusions, determining instead that the foundation damage was caused by the moisture demands of trees, bare soil, poor drainage, and adverse weather. Consequently, State Farm failed or refused to pay the sums Plaintiffs claim are due under the policy.

State Farm removed this case to federal court, claiming diversity of citizenship. Though Schomburg and Plaintiffs all reside in Texas, State Farm claimed that Schomburg was improperly joined and that Plaintiffs' claims against him should be disregarded. If Plaintiffs have no claims against Schomburg, then complete diversity exists.

## II.  Legal Standard

Generally, a defendant may remove an action from state to federal court if the action lies within the federal district court's original jurisdiction. *See* 28 U.S.C. ' 1441(a). Federal district courts have original jurisdiction over actions where there is either diversity of citizenship or the presentation of a federal question. *See* 28 U.S.C. ' ' 1331–32. For a case to arise under the federal court's diversity jurisdiction, there must be complete diversity of the parties, and the amount in controversy must exceed $75,000.00. *See* ' 1332. Federal question jurisdiction requires that the action arise "under the Constitution, laws, or treaties of the United States." ' 1331.

## III.  Analysis

State Farm argues that the claims and facts alleged in Plaintiffs' Original Petition do not present a reasonable basis for imposing liability upon Schomburg and that, therefore, Schomburg

has been improperly joined.  However, the policy at issue is attached to Plaintiffs' Original Petition.  The value of the policy is $85,700.00, and it has a Dwelling Foundation Endorsement that limits coverage for foundation problems to 15% of the policy value.  Thus, the amount in controversy cannot exceed $12,855.00.  The amount in controversy in a diversity case must be at least $75,000.00.  Thus, this Court cannot exercise jurisdiction.  Plaintiffs' Motion to Remand is **GRANTED**.

Plaintiffs also request that the Court award costs, expenses, and reasonable attorneys' fees against State Farm because its removal was "fatally defective and improvident." Pls.' Mot. to Remand 8.  While the Court is usually reticent to award attorneys' fees, in this case it is warranted.  The limits of coverage are undisputed and were contained in State Farm's own policy, and State Farm should have explored these limits before removing the case.  State Farm's failure to do so resulted in a waste of time to the federal court system, the state court system, and Plaintiffs' attorney.  Thus, the Court deems it appropriate to require State Farm to pay Plaintiffs' fees and costs associated with the improper removal.

## IV.  Conclusion

In accordance with the discussion above, Plaintiff=s Motion to Remand is **GRANTED** and this case is **REMANDED** to the 56th Judicial District Court in Galveston County, Texas.  Furthermore, State Farm is **ORDERED** to pay Plaintiffs' fees associated with this improper removal.

**IT IS SO ORDERED.**

**DONE this the 3rd day of August, 2007, at Galveston, Texas.**

Samuel B. Kent
United States District Judge